## STEVENS et al. v. TRIGGO. (No. 7798.)*

Court of Civil Appeals of Texas. San Antonio.
June 1, 1927.

1. Appeal and error ⊜➪1135—Where apparent justice of case is reached, judgment should be affirmed unless material error appears in record.

Where case was tried without amendment of pleadings after general demurrer was sustained but apparent justice of case was reached, such judgment ought to be affirmed unless material error is shown in record.

2. Appeal and error ⊜➪1040(2)—Allowing trial without amendment of pleadings after general demurrer to answer was properly sustained held not prejudicial error, where apparent justice was done.

Allowing case to be tried without amendment of pleadings after general demurrer to answer had been properly sustained held not prejudicial error, where case was fully developed and determined under appropriate issues and apparent justice was done.

---

**3. Appeal and error ⚙═237(5)—Request for peremptory instruction should be made to warrant review of failure to direct verdict.**

Party is required to request peremptory instruction in order to raise question on appeal of court's error in failing to direct verdict.

Appeal from Bexar County Court; McCollum Burnett, Judge.

Action by S. L. Triggo against James Stevens and others.· Judgment for plaintiff, and defendant Mary Sereno appeals. Affirmed.

Briscoe & Morris and Joe L. Hill, all of San Antonio, for appellant.

Saunders & Whipple, of San Antonio, for appellee.

SMITH, J. The record in this case is incomplete, vague, and confused, rendering it difficult to ascertain the contentions of the parties or the facts or history of the transactions out of which the controversy arose. Nor is the matter clarified by the briefs of the parties.

It may be said, generally, that S. L. Triggo and Viola Triggo were at one time husband and wife, and were subsequently' divorced, and that upon the dissolution of the marriage they divided their property, so that the husband retained possession and ownership of a certain Chalmers automobile. After the divorce was granted ·Viola Triggo executed her individual note, payable to Mary. Sereno, in settlement of a previously incurred individual debt, and subsequently Mary Sereno sued Mrs. Triggo alone and recovered the amount of the note. S. L. Triggo, the husband, was not a party to that suit. A writ of attachment was issued in that suit, and the Chalmers automobile, the individual property of S. L. Triggo, was levied upon, seized, and stored until it became worthless. As a consequence Triggo brought this action against James Stevens, as the sheriff who had levied upon the property under the writ of attachment, against Mary Sereno, as the plaintiff in attachment, and against Jake Sereno and Forrest Campbell, as sureties upon the attachment bond. The suit was to recover the value of the seized automobile. In a jury trial Triggo recovered judgment for $150 against Mary Sereno and Stevens, but as it appeared upon the trial that they were sureties only upon a bond to indemnify Stevens against improvident attachment and not upon the bond in attachment, Jake Sereno and Forrest Campbell were discharged from liability in the suit. Mary Sereno has appealed.

In answer to plaintiff's petition to recover damages for the wrongful seizure of property under a writ of attachment, the defendant below, Mary Sereno, interposed this pleading:

"And further answering and pleading over against the plaintiff herein the defendant Mary Sereno says that the plaintiff is liable for the amount of the debt against V. Young Triggo, the former wife of the plaintiff herein, to wit, the sum of eighty dollars & 35.00 dollars attys, being renewal of community debt, and that the defendant M. Sereno should have judgment against the plaintiff herein for the sum of one hundred and fifteen dollars with 10 per cent. interest from the date of the· note given by the said V. Y. Triggo, the said wife of the plaintiff, and that the said automobile described in plaintiff's petition be held liable for the said debt, being community property, and that the defendant M. Sereno have judgment for said debt against the said S. L. Triggo, the plaintiff herein, being the debt of the said wife of the said S. L. Triggo and also the said S. L. Triggo, and that the lien be foreclosed and the same be sold to pay the said judgment and that execution issue against the said ·S. L. Triggo the plaintiff herein. Defendant M. Sereno further prays for such other and further relief general and special as she may be entitled to in law or equity.

"Defendant M. Sereno says that the debt referred ·to above is for the principal sum of $80.00 with interest at the rate of 10 per cent. per annum, executed by V. Y. Triggo the wife of the plaintiff payable to the order of M. Sereno, together with $35.00 attorney's fee payable on the 11th day of June, 1925, and is due and unpaid and was the debt and obligation of the plaintiff S. L. Triggo, being renewal of a community debt & the same debt on which the attachment was issued to or seized the debt contracted by his said wife for which he is responsible in law."

[1] The trial court sustained a general demurrer to this pleading, but, although the defendant made no effort to amend or replead her case, all parties nevertheless announced ready and tried the case as if the pleadings were left undisturbed as written. The jury found that the plaintiff S. L. Triggo was the sole owner of the seized automobile, and that his divorced wife, the attachment debtor, owned no interest in the car, the value of which was found to be $150, and · for this amount the court rendered judgment in˙favor of Triggo against the sheriff and the plaintiff in attachment. By this process the apparent justice of the case has been reached, and the judgment ought to be affirmed unless material error is shown in the record. No such error has been pointed out by appellant.

[2] We are inclined to the opinion that ·the answer of appellant was subject to the general demurrer, which was sustained. But whether or not that answer was properly stricken, the case presented by it was fully developed and determined by the jury under appropriate issues, and no one was harmed by the queer proceeding. Appellant's first assignment of error is overruled.

· [3] Appellant's second assignment is also overruled,. wherein complaint is made of the

⚙═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes,

failure of the court to direct a verdict for appellant. It does not appear from appellant's brief that she requested a peremptory instruction in her favor, nor should one have been given, even if requested. It was a jury case, properly resolved against appellant.

There is no merit in the remaining assignments, and the judgment is affirmed.